The defendant pleaded, first, "That the slaves in question were the property of one Thomas Falconer, and after his death came to the *Page 274 
possession of John Holloway, his administrator; that pending the suit by the plaintiffs against the said Holloway, J. and H. Lyne obtained a judgment against Holloway as administrator of Falconer, upon which an execution issued, and was levied upon the said slaves, and that at a subsequent sheriff's sale, one Ann Falconer purchased them, and afterwards an intermarriage took place between the defendant and the said Ann."
The second plea, after setting forth the above facts, concluded with an averment that the judgment in favor of the plaintiffs against Holloway was permitted by Holloway to pass against him, in fraud of the creditors of his intestate.
To these pleas there was a general demurrer, which was sustained by his Honor, Swain, J., at GRANVILLE, on the spring circuit of 1831, and the plaintiff appealed.
It is not intended to impugn the general rule that he who comes to the property in contest from or under the defendant pendente lite is bound by the judgment; and if he does not show that he comes in above, he shall be taken as coming in under him.
To this sci. fa. there are two pleas, to each of which there is a general demurrer. The first, in substance, is that the defendant's wife purchased the slaves in contest, pending the suit against John Holloway at sheriff's sale, under an execution against the said John, as administrator of Thomas Falconer, deceased, sued out at the instance of J. and H. Lyne, with an averment that the slaves were the estate of the said Thomas Falconer, and that the said John took possession of and held them as of the estate of his intestate.
The second plea I understand to state, in addition to the facts stated in the first, that the judgment was obtained by fraud.
I am rather inclined to think that the first plea is bad, for want of an issuable averment, that although the title of the plaintiff might be good, as between the plaintiff and the administrator, yet it was not so as to the creditors J. and H. Lyne, to whose rights this defendant is substituted, a case which may be easily imagined. In such case, I think the general obligation of the judgment would be admitted, but at the same time avoided. I cannot believe the rule to be that because A. and B. are contesting their rights to certain property, that the rights of all others are suspended, or their hands tied, so as to prevent them from exercising their rights in the usual and ordinary way, and that a reasonable *Page 275 
assurance of satisfaction is given to the plaintiff, by making his judgment conclusive upon all who are parties, or privies, in the proper sense of the word, not upon quasi-privies also, who possess some but not all the qualities of a privy. The rule may be, and in this case I think is, founded upon those qualities of a privy which the defendant in (337) this case, without the averment before mentioned, does not possess. I think, however, that the second plea is very clearly good, for neither justice nor policy requires that the rule should embrace fraudulent or covinous judgments. It is said that the defendant is estopped from alleging the fraud as much as the party himself. No person can be concluded by any act, not even his own, from averring a fact which renders a thing null and void. Estoppels conclude from averments, contrary to existing causes, not those which have passed away. And if the truth could not be shown, to avoid a transaction, or rather to show it to be null, it would be the easiest thing to protect the most unlawful transaction by recitals or acknowledgments in a deed. The reason a party to a fraudulent act cannot avoid it by showing the fraud is because, notwithstanding his fraud, it is binding on him if he be a party. It is not fraudulent, and therefore not void as to him. For a man cannot be guilty of a fraud on himself, and those who came in under him are affected in like manner. But one who comes in, not under him, but clothed also with the rights of a creditor, is not concluded. Even in cases where the party comes in entirely under another, he may make an averment which the other could not, if it goes to annual that from which it is contended the estoppel arises. A person makes a fraudulent conveyance of his land; he cannot allege that it was fraudulent. Why? Because, even if it is, it binds him. He afterwards conveys to another bona fide, that is, for value. The vendee, although coming in under the vendor, may aver the deed to be fraudulent. Why? Because it avoids it as to him. I have considered the demurrer, although a general one, not so much as admitting the fact of fraud, as controverting the defendant's right to allege it; which is the effect of a general demurrer, where the cause of the alleged estoppel appears upon the record. I think there should be judgment for the defendant.